JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV10-02350 ODW (CWx) | Date | October 7, 2010 |
|---|---|---|---|
| Title | *Lugli v. Dahlberg, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS[13, 50]**

Currently before the Court is Defendants RS Schmitt ("RS"), RS Schmitt Companies, Inc. ("RSSC"), IR PR Company Report, LLC ("IR PR"), and Harry Feingold's ("Feingold") (collectively, "Defendants") Motion to Dismiss Plaintiff's complaint pursuant to the Federal Rule of Civil Procedure ("Rule")  12(b)(2) for lack of personal jurisdiction and/or Rule 12(b)(3) for improper venue.  Defendants, alternatively, seek transfer of the case under 28 U.S.C. section 1404(a).  Having considered the matter, the Court deems it appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons discussed below, the Motion to Dismiss for Improper Venue  is GRANTED**.**  Therefore, the Motion to Dismiss for lack of personal jurisdiction is DENIED as moot.

I.     BACKGROUND

The following facts are alleged in the Complaint:

The action arises out of an investment  Plaintiff, Russell V. Lugli ("Plaintiff"), made on the advice of Feingold, a New York resident and  Lugli's investment adviser for more than ten years.  (Compl. ¶ 1.5.)  On or about January 1, 2008, Feingold approached Plaintiff about possible investment opportunities suitable for Plaintiff's trust, FHPP.  It was then that Feingold introduced RS, a Florida resident and controlling person of Defendants, RSSC and IR PR, to Lugli regarding investment opportunities with several business entities including: Banneker, Inc., Canaan Valley Ranch Development, LLC, and Rockbands, Inc. ("Rockbands").  Plaintiff invested in Banneker, Inc. (the "Banneker Deal"), a transaction that failed in early March 2008.  Subsequently, RS contacted

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-02350 ODW (CWx) | Date | October 7, 2010 |
|---|---|---|---|
| Title | *Lugli v. Dahlberg, et al.* | | |

Plaintiff regarding a $300,000 investment opportunity with Rockbands, a Florida jewelry enterprise. (*Id.* at ¶¶ 1.5, 1.17.) Defendant, Lee A. Dalhberg, a Florida resident and Rockband, Inc.'s manager, allegedly retained RS to locate an investor. (Compl. ¶ 1.17.) Plaintiff ultimately made the investment believing that Rockbands would trade as a registered security, had already negotiated or had commitments from major retailers to market their products, and would be able to repay the debt obligation. (*Id.* at ¶¶ 2.5–2.7, 2.11.) On March 28, 2008, Plaintiff signed the Convertible Promissory Note ("Note") evidencing a loan in the amount of $300,000 to Rockbands bearing an interest rate at 18% annum. Payments in accordance to the Note remain outstanding.

Based on these alleged facts, Plaintiff filed a complaint alleging illegal sale of securities, financial elder abuse, fraud, violations under the Employee Retirement Income Secruity Action of 1974 ("ERISA"), violations under the Investment Adviser's Act, and breach of contract on February 23, 2010 in the Santa Barbara County Superior Court of California. (Notice of Removal, Exh. 1, Dkt. No. 1.) On March 31, 2010, Defendants filed a Notice of Removal to this Court under diversity and federal question jurisdictions pursuant to 28 U.S.C. section 1441(b). (*Id.*) On June 7, 2010, Plaintiff voluntarily dismissed claims under ERISA and the Investment Adviser's Act. (Dkt. No. 36.)

**II.   DISCUSSION**

Defendants move for dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(3) for improper venue. Defendants further assert, in the alternative, that the action should be transferred to the Southern District of Florida pursuant to 28 U.S.C. section 1404(a).

A.   Improper Venue

Federal Rule of Civil Procedure 12(b)(3) provides that a court may dismiss a claim for improper venue. In deciding a Rule 12(b)(3) motion, the court may consider facts outside the pleadings and need not accept the pleadings as true. *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005); *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Once venue is challenged, the plaintiff has the burden of proving that venue is proper in this district. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Venue is not proper in the Central District of California. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-02350 ODW (CWx) | Date | October 7, 2010 |
|---|---|---|---|
| Title | *Lugli v. Dahlberg, et al.* | | |

same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Sections 1391(b)(1) and 1391(b)(3) need not apply in this case because Defendants do not all reside in one state and there are districts, including the Southern District of Florida, in which this action can be brought. Therefore, Plaintiff must establish proper venue under section 1391(b)(2) for this action to remain in the Central District of California.

Plaintiff fails to establish proper venue pursuant to section 1391(b)(2). Importantly, "the 'events or omissions' inquiry focuses on the 'relevant activities of the defendant not of the plaintiff.'" *LeRoy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (holding that "the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial."). Here, the transaction was an investment in a Florida corporation, with its principal place of business in Florida, where negotiations took place via telephone and email between Defendants, residing in Florida. (Compl. ¶¶ 1.5, 1.2, 2.10, 6.6.) Moreover, the Note at issue contains a choice of law provision stating: "[t]his Note has been executed and delivered in the State of Florida and shall be construed in accordance with the laws of such State." (Defs.' Notice of Removal, Exh. C.) As such, this case is a contract dispute over a transaction in which "a substantial part of the events or omissions" took place in Florida, not California. Because Plaintiff has not sufficiently alleged otherwise, venue is improper in this District.

   B.  Transfer of Venue Pursuant to 28 U.S.C. § 1406(a)

Under 28 U.S.C. section 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," meaning a district where: (1) defendants are subject to the personal jurisdiction of the Court; and (2) venue is proper. *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). District courts have the authority to transfer an action in which personal jurisdiction and venue are improper. *Goldlawr v. Heiman*, 369 U.S. 463, 466–67 (1962). Here, the Court seeks to transfer the case to the Southern District of Florida.

     1.  *Personal Jurisdiction in Florida*

JS-6 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-02350 ODW (CWx) | Date | October 7, 2010 |
|---|---|---|---|
| Title | *Lugli v. Dahlberg, et al.* | | |

The Southern District of Florida has personal jurisdiction over RS, RSSC, IR PR, Dalhberg, and Rockbands as they are all alleged to be Florida residents and/or incorporated in Florida. Therefore, U.S. district courts in Florida have personal jurisdiction as to these Defendants.

Additionally, the Southern District of Florida may assert specific jurisdiction over Defendant, Feingold, an alleged New York resident. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.* 598 F.3d 802, 808 (11th Cir. 2010) ("The Florida long arm statute allows the exercise of jurisdiction over a nonresident defendant who personally or through an agent carries on business in the forum state or commits a tort in the forum state."). Additionally, "courts consider three factors in determining whether a defendant has established sufficient minimum contacts with the forum state to comport with the Fourteenth Amendment's due process requirement: (1) whether the defendant has purposefully availed itself of the benefits of doing business in the forum state; (2) whether the cause of action arose out of the activities through which the defendant did so; and (3) whether the defendant could have reasonably anticipated being haled into court in the forum state." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000).

Plaintiff alleges that Feingold is a New York state resident, that nonetheless, was instrumental in the referral and consummation of the Bennekker and Rockband, LLC investments. As such, Feingold purposefully availed himself of the privileges of conducting activities in Florida by, *e.g.*, seeking investors on behalf Florida residents and business entities. Also, there is no dispute that the instant action arises out of Plaintiff's Rockband investments that Feingold referred. As such, Feingold's Florida-related activities led to the investments that are ultimately at issue in this case. Accordingly, the Southern District of Florida may assert personal jurisdiction over Feingold.

Therefore, *all* Defendants in this case are subject to personal jurisdiction in the Southern District of Florida.

        2.      *Venue in the Southern District of Florida*

The Southern District of Florida is the proper venue in this case because a substantial part of the events occurred in Miami, Florida. *See* § 1391(b)(2). As discussed previously, the transaction related to the Note was an investment in a Florida corporation, with its principal place of business in Florida, where negotiations took place via telephone and email with Defendants, residing in Florida. Moreover, the Note contains a choice of law provision stating: "[t]his Note has been executed and delivered in the State of Florida and shall be construed in accordance with the

JS-6 O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV10-02350 ODW (CWx) | Date | October 7, 2010 |
|---|---|---|---|
| Title | *Lugli v. Dahlberg, et al.* | | |

laws of such State." (Defs.' Notice of Removal, Exh. C.) As such, this case is fundamentally a contract dispute over a transaction in which "a substantial part of the events or omissions" took place in Florida. Therefore, venue would be proper for at least the reasons stated pursuant to section 1391(b)(2).

As such, the Court finds this case could have been brought in the Southern District of Florida. Thus, the Court transfers the case accordingly pursuant to § 1406(a).

## III.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3), and orders the case transferred to the Southern District of Florida pursuant to 28 U.S.C. section 1406(a). As such, Defendants' Motion to Dismiss under Rule 12(b)(2) is DENIED as moot. All pending hearings and motions are hereby VACATED.

The Clerk of Court shall close this case.

IT IS SO ORDERED.

DATED:

|  | -- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |